## CATHERINE MALLON v. JOHN OWENS and MARY, his Wife.

Supreme Court. Kent. October, 1815.

*Clayton's Notebook, 50.*

---

[1] Blank in manuscript.

*Hall,* for the defendants, contended that the guardian was the only person liable to the plaintiff in this case. An infant placed at school by his father or by a friend is not answerable to the teacher. The credit is given to the father or friend, 3 Bac.Abr. 134, and it is immaterial whether the tuition be necessary and proper for the estate and degree of the infant or not. An infant cannot state an account, 1 Term 41. A bare acknowledgment, he said, by one of full age is not sufficient to take a debt out of the Statute of Limitations if it were contracted during infancy. 2 Esp.N.P. 628.

*Brinckle,* for the plaintiff, replied. Guardians are appointed by law to take care of the estate and person of the ward and to make such contracts for necessaries as shall be binding upon the infant. This case is distinguishable from that of an infant placed in a school by his parent or friend. There the credit may truly be said to be given to them and not to the infant, because they have no authority to make contracts for the infant; the

guardian has. We have charged the defendant, Mary, which shows we gave credit to her and her estate and not to her guardian. A simple bond or promissory note given by an infant for necessaries is obligatory upon the infant, 1 Term 41. The case in [2] Esp.N.P. 628 was evidently for articles not necessaries and therefore has no bearing on the present case. A bare acknowledgment of the slightest nature is sufficient to prevent the operation of the Act of Limitations, 1 Tidd Pr. 23.

The written acknowledgment is not contended by us as binding upon the defendants to the amount fixed in it. It is not produced as an account stated, but merely as evidence of our having furnished necessaries and that they were not then paid for—as a bar to the plea of the Act of Limitations. And although it may be void as an account stated, yet it will serve our purpose, for a security may be void and yet the contract remain good and subsisting, *Robinson v. Bland,* 2 Burr. 1085. It is an acknowledgment of an account between the parties, which the parol testimony in the case shows she admitted two days afterwards.

JOHNS, C. J. The facts in this case are undisputed. If a man marries a woman, he takes her with all her burdens. The first question is, who is liable for this debt—the guardian or the ward? The Court are clearly of opinion that the guardian is alone liable in an action for necessaries furnished to the infant by his direction.

We are of opinion, even supposing that this action would lie against the defendants, that neither the written acknowledgment of the 13th June, 1810, nor the verbal one made two days after, takes this case out of the Act of Limitations. They are null and void.

The letter to Abbott will be attended to by the jury, and if they should think it contains any acknowledgment of the debt, it will prevent the operation of the Act of Limitations.

(NOTE. *Hall* contended that this letter should not be regarded, because if it proved anything, it was a promise by John Owens alone, which would not support the replication that the defendants promised within three years.)

Verdict for defendants. Bill of exceptions.